Mr. Becchione for the Appellant, Mr. Kinney for the Athlete Good morning. Good morning. John Becchione for Cause of Action Institute and with me is the full counsel, Jim Peterson, from Judicial Watch. Your Honors, the court below the District Attorney's Office, and I'm going to give you a little bit of background on this case. This case is a straightforward case, and it is straightforward, but the court below got it wrong in the following manner. The issue here is what was done and what was retrieved. The Federal Records Act, particularly 44 U.S.C. 3106, explains very clearly what, when records are removed from where they should be, and there's no dispute that records were removed from where they should be in this case. The government assumed it for purposes of the argument below. They then have, they have to take steps. We have the Armstrong case, particularly footnote 12, says you don't have to immediately run to the AG's office, but you have to take steps. Well, the government takes steps, and then in this case, the records don't all come back. There is no statement in this record from the government which, that we got all the records back. The records walked out, we got them all back, no need to go to the AG. We all live in this town. We know that a lot of times, somebody is retiring, they take something in their briefcase maybe, HUD report or something, and someone calls up, says, you have that report? Yeah, I have it. Well, Jeremy will be at Austin soccer game tomorrow. They bring it over, it comes back, no reason to go to the AG. But in this case, they can't certify they got the records back. The records are gone, the statute is very clear, and Armstrong's very clear. So, in this case, there is no question that the records are gone, there's no question they didn't get them all back, and yet they don't notify Congress, the Archivist doesn't notify... You say, didn't get them all back. How are you treating the government's response on the acquisition of the server? The server is a red herring, Your Honor. We didn't ask for a server. Both the complaints... I understand, but it's a classic way of getting a hold of contents of the server. It's one way. It's one way. If we look at these, if we look at this record, just as what was, a lot has... The time has not been kind to the District Court's opinion on this, in that there's been a lot of material that might have come in discovery. I mean, there is, we now know that the Petraeus emails, which are in the record, that there are now about 1,000 or 1,100 of them, all right? And they were mentioned, they're mentioned in JA... I want you to put it on an analytical basis. Your argument is that there may be extant emails that went through the server that are no longer on the server. Is that it? Yes, Your Honor. What both complaints ask for, the Judicial Watch complaint and our complaint, the Cause of Actions complaint, is we ask for records, all right? We describe that we've seen news reports that they were on this server, but under the Federal Records Act, under 44 U.S.C. 3106, and under Armstrong. The fact that they were once on a server, but they've, maybe they were moved somewhere else, it doesn't, it doesn't then take away the obligation of the agency. It's another thing. Both the court below and the briefing in this tries to muddle up something. The statute says the agency, meaning in this case the State Department and the Archivist. The FBI is not mentioned in any of these statutes, all right? It isn't mentioned in 3106, and it's not mentioned in Armstrong, which says you have to go get these records. And I'll give Your Honors an example. Let's say... But let's inject some reality here into this argument. The Federal Records Act doesn't give you a private right of action to get documents or to get records. If anything, it gives you a very limited private right of action to ask the, to have the court basically direct the Archivist to make a request of the Attorney General, right? What request, based on everything that we know now that this happened, if this lawsuit could go forward, what relief would you ask the court to have the Attorney General do at this point that hasn't already been done? First, I wouldn't ask... The statute says that the court, that the agency, the Archivist has to notify Congress. So that's number one. And that could have consequences. So Congress isn't aware of this? Congress may be. Congress may be aware of it, but the Archivist hasn't performed his duty. So that's number one. So what good is the Archivist notifying Congress? What is the Archivist going to tell Congress that Congress doesn't already know? The Archivist is going to say these records were removed, they haven't been returned, take action. And Your Honor... Answer my question. Does Congress not know any of those things? Congress is aware of this, Your Honor, that records were removed. That's true. But then the Attorney General, the part of telling the Attorney General is saying these records are removed, go get them. Now that could have serious consequences depending on what the Attorney General then does. So the fact that the FBI is getting the records doesn't move this? That the FBI is getting the records is not clear to me, Your Honor. They got a server. I don't know in the record that they got all the records. Counsel... And I'll give you an example. The problem that I'm seeing here is that the Federal Records Act, to the extent that there's a cause of action that can be read into it, it's not going to allow you to direct what language specifically should be in any sort of injunction or relief, etc. So to the extent that it gives you a cause of action, it's really only a cause of action for you to force the initiation of a step. Yes, Your Honor. And so it's very speculative at best to see how, if your lawsuit were to move forward, it's going to result in any greater relief than what we know is already happening. Under FOIA and the Federal Records Act and Armstrong, we have limited relief, but we're owed at least that relief, Your Honor. So the idea that... So you're not owed relief that is futile or that's not going to redress a harm or that's not related to the causation of any harm that you may have. We don't know that, Your Honor. We have a situation where the AG has not been asked by the archivist. And by the way, the fact that the archivist is involved and what the role of the archivist is is different from the FBI's. That's why the statutes speak of a different agency. They have different roles and ask for things for different purposes. We don't know what's going to happen because the duty hasn't been fulfilled. It's been neglected. So in this case, the court below said if the agency is unable or unwilling. And in this case said it wasn't willing to do those things. So despite the fact that you have the burden to establish standing in subject matter jurisdiction, your best argument is that we don't know what could happen or what relief we might be able to get or what might be able to be found differently. That's your argument for why there's some redressability here? The court below found standing. The only thing... It found mootness, however. It found the case was moot based on the fact that they got all the records back. That is part of the error there. They said... But we have to look at mootness as of now. As of right now. Not a year and a half ago or a year ago. It's not moot because they're outstanding. The government will not put a piece of paper down. And if you look at Armstrong, it's very clear and the statute's very clear that any missing records. There was a pile of a thousand documents and a thousand went out and 999 came back. Just because there's missing records doesn't mean that the case isn't moot. What if the FBI filed a declaration that says, we have searched everywhere possible. The records that are missing were destroyed and cannot be found, cannot be recovered. You're saying that it wouldn't be moot at that point? We'd have a different case, Your Honor. Answer my question. Would it be moot or not? If the records were destroyed and unfindable. The way I put it is, if they're in the Marianas Trench, then that's one thing. But here, that's not the case and there's nothing in the record to show that. So it would be moot? If there was an affidavit saying, all the records have been recovered except those that have been utterly destroyed. It probably... No, I'd still think they'd have to go to the Attorney General's office, Your Honor. Okay. It's never moot. It's a duty of the statute. This case could never be moot then? Yes, if they said they got all the records back. This is the one case ever in the history of Article III controversies that can never become moot. It could be, Your Honor. I've already said. I mean, if they got the records back and if the records were, if they had a statement, I guess, from the FBI that they were utterly destroyed and there are no more, that would probably be mootness. But we don't have it here, Your Honor. I think you were going to identify the categories of what you think are missing records. Yes, Your Honor. In the record here, we have the BlackBerry emails, which are at, we identify them. They're in our brief. They were in the record. But in the joint appendix, they're at JA-109 and JA-108. We talk about them. And then the Petraeus emails, now we now know there's a lot more of them. At the time, we did not know that. But if you look at JA-107, there's still those emails. And the fact is, the Attorney General has subpoena power and the State Department and the Archivist don't. And that's important. Thank you. Mr. Tenney. May it please the Court. This case began as a challenge to the adequacy of the response when the State Department received printouts of emails. And the argument at the time of the complaint was that there wasn't enough being done to recover the server. And that's perhaps made most clear if you look at Joint Appendix 29 in the prayer for relief in the cause of action complaint. Suppose it had been that they're not doing enough to recover all the emails. And we've now been told that there are some that have not been recovered. Would that mean it's not moot? I guess in terms of mootness, one has to look at redressability. And it's hard to look at in the context where we don't have specific allegations in the complaint, not just generally that there might be more records, but what they are. But I think the most important way to think about this is to remember the complaint was not – this isn't like Armstrong trying to – it's not so much just about what they're asking for. It's also what they've made allegations about. But just to be clear – I'm not sure I understand that. Well, I mean, there's a difference between what you make factual allegations that there are certain records that are out there would be obtainable through a particular step and that step is not being taken. If you had allegations of that sort in the complaint, as opposed to saying, we have allegations that there's a computer server, we want you to recover that, and then we also want anything else that you might be able to find. We have allegations in the complaint, at least the Judicial Watch complaint, that appear to encompass – at least in my reading, and you're obviously free to contest it – the BlackBerry emails. I'm not sure which allegations you're referring to, Your Honor. Well, there's pages 9 and 11. We have the Clinton emails to find after we've had a long recitation of various different email accounts that are not state.gov. Collectively, these emails can be referred to as the Clinton emails. There seems to be a receipt from there to ask for a pursuit of the Clinton emails. Right. Well, let me just be clear about the facts surrounding this, both before and after the complaint, because I think that's helpful in understanding what's been alleged and what is actually at issue. So what happened, and what I'm saying is from the record and what's been undisputed, there were these printouts. The complaints focus on the inadequacies of the printouts. I think that's clear. Now, the State Department – now, what plaintiffs describe as the BlackBerry emails, that's plaintiff's term, are email messages that were sent in the early days of the first term of the Secretary's tenure. And what happened at the time that the complaint was filed, the State Department hadn't really said anything one way or the other about those. They were still going through the printouts. Then later, after the complaint was filed in October, the State Department said, upon reviewing the materials – I'm sorry. Is this chronological sequence material? Well, I think it goes to – If you have a complaint which is broadly enough worded to encompass the BlackBerry emails, even though at the time that it's filed nothing is known by the plaintiffs about the BlackBerry emails, what is it that prevents the BlackBerry emails from being covered? Well, I'm not saying they're not covered in the sense that the plaintiffs aren't. I mean, I think it's unclear whether the complaint is asking for them, but even if you take as a given that they're asking for something broader than the server, I mean, their cause of action is for agency action unlawfully withheld. And so there – I mean, one problem with that cause of action in the context of this case is that they were filing the cause of action at a time when the agency had not completed the actions it was planning to undertake in efforts to recover the very documents they're talking about. This isn't a – You're mooting. Mootness. Stick on mootness for a bit. I mean, if they're emails that are asked for, and that's why I focused on that, and Judge Williams is too, and they're not part of the server, then it's a little odd to say the case is moot. Well, I mean, I recognize that there are some issues which sort of straddle mootness and the merits, but just on mootness specifically. Yeah, let's focus on mootness. Then we can move to other reasons you think should be affirmed apart from mootness. Okay. I mean, at the time – It's not seeing how it's moot if, as Judge Williams says, the complaint's construed to cover emails as opposed to a particular source that might contain emails. Okay. If you were to construe the complaint that way, and if you – understanding that the complaint is for – you have to understand that the complaint is for agency action unlawfully withheld, and at the time of the complaint – Agency action to recover emails. Right. Correct. And if they've all been recovered, then I can understand, well, then there's no reason to have agency action to recover things that have already been recovered, therefore mootness. But if there are emails that are out there that have not been recovered, then you're seeking agency action to recover those. I don't see that being moot unless I'm missing something. Well, I mean – And I thought your whole thing was, well, they're really just seeking the server, not the emails, and that goes – does Judge Williams identify as a construction of a complaint whether they're really just seeking one source of emails or they're seeking the emails? Well, I mean, I guess two points. One relates to if you – I mean, this is why I'm having some difficulty segregating the mootness from the merits, because I think if you – I think it's because the mootness is hard for you to argue. Well, Your Honor – That's why you're having trouble segregating it, I think, because it's difficult unless you say – and this is your argument, and I think it's a fair argument, which is all they wanted was the server, and they got the server. Okay, I get that. But what if we read the complaint to be broader than that? They wanted the emails. Well, I mean, I guess to – And we know – I think we know. I don't know. I mean, I don't know what we know, but we – there are other emails identified that were not on the server. Right. Well, so just – I mean, to be clear about the – this is why I got into the sequence of events. At the time that they filed the complaint, the State Department had not made a specific inquiry about emails from the beginning of the former secretary. What is the relevance of that to mootness? Well, I mean, they're saying that agency action was unlawfully withheld, and then subsequent to the filing of the complaint, the State Department – This is a prematurity argument. It couldn't have been withheld. You're now arguing it's the opposite of mootness. It couldn't have been withheld because there wasn't occasion for the State Department or the Archivist to do anything. And that certainly is not the basis of the district court decision. Well, no, but the district court also said, as subsequent to the filing of the complaint, they got – So why don't we talk about that? I mean, I guess I'm saying for mootness, if they say, all right, you haven't done something that you need to do, and then the agency takes steps afterwards. They went first to the former secretary's representatives. So this sounds to me like a merits argument that the action by the Archivist and the State Department is futile because everything that could be obtained has been obtained or adequate efforts have been made in that direction. But the plaintiffs simply point to the Blackberry emails and suggest that the efforts there were not very aggressive, not at all aggressive. And you don't want to engage on that. Well, I'm prepared to engage on the merits. I don't think it's – well, it's a combination of the merits because at some point the measuring mootness would depend on some notion of what the – how much relief could be obtained from the state and the archivist. I agree. And I can see an argument that, well, the Blackberry covers, what is it, six weeks? I forget, anyway. It certainly falls far short of the secretary's full tenure, so that's trivial. Enough has been done. I don't hear you making that argument. But it certainly wasn't before the district court. Well, let me just engage directly, if I might, on what has been – just to clarify the factual record and then we can get to the legal significance of what has been done on what plaintiffs are calling the Blackberry emails, which are the emails from the early part of the former secretary's tenure as secretary of state. So we know that upon discovering that there weren't emails from that period in the paper documents that the former secretary turned over in October, which is subsequent to the filing of the complaint. I'm not sure if that's relevant or not, but just so we understand the facts. We know that there was a request made to the former secretary's representatives saying we note that there is this period of time that we don't have emails from you and, you know, can you please provide – can you please see if you have – if you have those, please turn them over, and if you don't have them, please try to obtain them and give them back to us. It observes at the end, the extender emails might be found on any internet service of email providers. We encourage you to contact them. Correct. Did that happen? Well, what we know from the record is the response to that letter was to say that the secretary didn't have those and that they had been unable to obtain them. That's the language. There's no reference to the efforts made to obtain them. The letter doesn't specify that. So then just to continue on the factual recitation as to these matters, then, you know, more recently, and obviously this wasn't before the district court, but just so the court understands the full context, the FBI revealed that it had, in fact, obtained some emails from that period, and it did so from backups. I mean, I guess you're now arguing outside the record. It's a huge pressure to go outside the record in this case, that if it were remanded to the district court, the district court would have an adequate basis for finding it moved. Well, I mean, I guess... Or are you saying that we should go outside the record and find it moved? Well, I mean, our submission would be that if you remain in the record, the place to start is with the allegations of the complaint, which don't have any specific allegations that there's a period of time, you know, that there are these so-called Blackberry emails, there's a period of time that's missing. Are you saying that a request for a group of emails that I think are fairly red would be deemed to encompass the Blackberry emails? You can test that. Right. I guess my point is that if you want to decide this case based on the record, then if you came in with a complaint that said, we think there are a lot of emails, you know, we want you to find all of them, that wouldn't be a basis on which a court could say, you know, that relief should be granted to the plaintiff if you would have to make specific allegations. The record did develop, the record on the basis... I mean, the district court could not find it moved on the basis of the complaint alone, right? Well... So a lot of information is put before the district court, and I guess a natural response would be to measure that data against the complaint and see how they compare. Well, our submission is that what you should do is see what, you know, to the extent that you think the complaint might have stated a claim for relief, we would submit that the only... I mean, the district court didn't decide this issue, and we're not suggesting that this court should decide it, but that the complaint fairly describes that there's a computer server, that all they've gotten were printouts, that the printouts might not have been complete, that they should have gotten the electronic records. We think that at the time the complaint was filed, that is what was alleged, that was what was properly before the court, and we submit that that claim is now moved because the FBI has recovered the server and because the materials have gone to the State Department. What's the language of the complaint that after the broad, seemingly broad definition of e-mails, then narrows it in the way that you describe? It's not so much a question of narrowing the e-mails. It's the question that if you go through... There aren't very many factual allegations in the complaint, but in the Judicial Watch complaint, there are more in the Cause of Action Institute complaint, and the Cause of Action Institute complaint, as I was alluding to earlier, is very specific that the action that they want, and this is at 29 of the joint appendix, is to initiate legal action against Clinton through the Attorney General to take Clinton's computer server and recover the unlawfully removed and or destroyed e-mail records. The idea is that where the two complaints filed, and the court is assessing mootness, it should confine itself to the narrowest of the two complaints. No, Your Honor. The problem with... I guess if you want to focus on... So why do I jump to what appears to be the factually narrower complaint? Well, I can take them one at a time. That's my answer on the Cause of Action Institute, and the Cause of Action Institute has factual allegations that relate to the computer server. If you take the Judicial Watch complaint, the Judicial Watch complaint doesn't have a lot of factual allegations at all. And... Consistent with notice of pleading, although perhaps not with later Supreme Court cases. Well, I mean... Anyway, there's no claim that the complaint has to be dismissed or affiliated for a pure specificity of pleading. Well, no, there isn't, although I do think that the fact that the... I mean, we've pointed to the places in the complaint where they say that... Where they think that the secretary had these in a private server in her home. And so, given the absence of other allegations, that there are other places we're supposed to look, and remembering, of course, that the claim has to be, because it's the only claim there could be, that under the Administrative Procedure Act, the State Department has unlawfully withheld a discrete action that the agency was required to take. And you would need to plead facts that suggest that there are such actions. And the reason I... Well, let's put aside the ought for a moment. There are... We weren't disputing their actions. I guess the Secretary of State and the Archivist could take, with respect to the library emails. Right, many of which were taken, although in some instances subsequent to the filing of the complaint. But I guess the point that I'm trying to make here is that if you are filing a complaint and you're asserting that there's agency action unlawfully withheld, we know from Armstrong, in particular, in this context, and from general APA principles, like in Southern Utah Wilderness Alliance, that you need to identify a specific nondiscretionary action that the agency is compelled to take. Now, there could be an argument about whether the complaints, and either complaint or both complaints put together, make out a sufficient claim that the agency had both knowledge of the location of the emails and that there was something precise that the agency could do, namely, as Cause of Action Institute suggested explicitly, try to recover the email server. And you could make an argument that the complaints were sufficient at the time that they were filed to state a claim for that. There is nothing else that's been identified specifically that says, you know, here is the action that you should request of the Attorney General. And this does tie into the fact that there were a number of... You know, this was filed, and just to sort of take a step back, I recognize this goes to some degree to the merits also, although the two are related, as was pointed out earlier. You know, Armstrong said if the agency does nothing while an agency official is preventing, is destroying records or removing records, then there's a cause of action under the APA for agency action unlawfully withheld. I can understand that you'd make a little reading of the word nothing so that if the archivist and the agency head were to finger, then there's no cause of action left. But that would pretty much neutralize the statute, would it not? At least 3106. We're not asking for a purely literal reading of the word nothing, Your Honor. What we're talking about here, there was an extensive multi-agency ongoing effort at the time the complaint was filed. Well, we've urged that the case can be affirmed on those alternate ground, and we filed a cross-appeal, so we think the merits are properly before the court. But I guess the reason I think this does tie to mootness, even if that were the only issue this court wished to reach, is that you have to look at mootness in light of what the complaint was plausibly asking for. I'm just looking at paragraph 29 of the judicial watch of the complaint. Clinton continues to be irreparably harmed unless and until the attorney general notifies the archivist concerning the unlawful removal of the Clinton e-mails, and I'm referring you back to pages 9 and 11 for that, and initiates actions when the attorney general will cover the Clinton e-mails and otherwise support his conduct within the confines of law. Well, I don't see how that cuts the lack of mootness out. Your Honor, I understand that. I think it does need to be read in light of the rest of the complaint. We think also, you know, I recognize this goes to the merits, although we think the merits are properly before this court because we filed a cross-appeal and there's been briefing on the subject. You know, this is the reason I referred to does nothing. You know, this is clear. These complaints cannot be construed as anything other than an effort to have the judiciary at the behest of a private plaintiff direct how the agency should proceed. There is not a situation where... As soon as you get above the literal nothing from Armstrong, that's the territory you're in. Now, the territory can be interpreted in different ways. One which I assume no judge of this circuit would accept would be judicial micromanaging of the pursuit of the e-mails. At the other extreme, of course, is if they lift a little finger, that's enough. Exploring where in between those ends of the spectrum the pressure on the archivist and the agency head should lie seems like something that ought to be resolved in the context of a very factually based dispute. Well, I would submit that there are two things about this case that make it one that could be resolved at this stage. One is that there is not, as there was in Armstrong, an allegation that there is something specific that needs to be done. In Armstrong, they said there was a computer system and it was known that the agency was not taking steps to preserve the records on that computer system. They were allowing the backup tapes to be destroyed. And what this court said was, in those circumstances, that's agency action unlawfully withheld and that coincides with general APA principles. If there's some specific non-discretionary act, you can go after that. Now, the second thing that's relevant in this case that distinguishes it from Armstrong is in Armstrong, it was clear that the agency was not intending to preserve these materials. The agency had made a determination that they were going to be destroyed each time. Every time the backup tape lapsed. I think it was every two weeks. And there was no suggestion in Armstrong that if the agency had already taken some steps and was still in the process of taking more steps or might consider taking more steps, that you could say, all right, well, we want the judiciary to step in now. And there can be no question in this case that... I guess, again, this sounds like prematurity to me. Well, I mean... Maybe there is this prematurity. That's an argument for throwing out the case on grounds of prematurity, but it's quite different from the decision we have before us. Well, I mean, you can call it prematurity, but the point that I'm making is that the agencies, both agencies, are actively doing things, and since Armstrong... The way the district court treated it was they had actively done everything that one could want, right? In other words, on the most micromanaging scope of the view, the district court seemed to feel that everything was done. There were cases moved. No need to examine the interesting issue of where things have been partially done. To me, I think we're in the territory of things partially done. Well, I mean, I guess as to what the district court said, the district court concluded that plaintiffs had already gotten all they could get out of this lawsuit, and the case was moved for that reason, I think, and we think that reasoning is correct. But if we stipulate for present purposes that this is partially done and ongoing, there certainly is no cause of action for agency action unlawfully withheld. This is a far cry from a circumstance in which an agency has done nothing. However that's defined, where even if you describe it as literally nothing or if you describe it as taking action that is judicially considered to be insufficient, we know that this was ongoing. The agency is still reviewing documents that it's received from the FBI, and so there can be no action for agency action unlawfully withheld in these circumstances. And so to the extent that the court thinks that there's some allegation of the complaint or request of the complaint adequately pled that is not moved, it should be affirmed on the merits. Thank you. Thank you. We'll give you two minutes for rebuttal. Thank you. I think that the government has made some admissions in its reply on some of this. On page 5 of its reply, it says, but plaintiffs ignore the critical issue of whether any federal records still exist that have not been obtained but that could be obtained with additional reasonable effort, and then they say by the federal government. I think it has to be by state, the archivist, and if they can't get it, from the AG. Here it's undisputed in this record that there are e-mails that were not recovered, and even if you look at the Cause of Action Institute complaint, we ask that they get the server and that they recover the e-mails and even the ones that were destroyed. So it's not just all about the server. But you noted in your papers the, I guess, the other litigation. We can take judicial notice of pleadings and affidavits and declarations that have been filed in other litigations that indicate that efforts were made to get the so-called BlackBerry e-mails, right? Your Honor, the IG report, we have said that. And, in fact, you can look at that, but you can't look at the government. You have to look at state and the archivist. The government wants to say, oh, some part of the government is looking into this. In this complaint, the state and the archivist have a duty. State doesn't have all the e-mails. They don't have the Petraeus e-mails. Some other part of the government may, but we don't know. So the statute is set up so that state and the archivist do what they're supposed to do. And the court below and what I'm hearing here, the court below said there was no dereliction of duty, and we haven't shown that the State Department didn't take any steps, all right? But hasn't the FBI put in multiple declarations that whatever we get, we're going to turn over to the State Department? I believe that the FBI has said that, Your Honor. I do believe they've said that, but they are not the AG's office. The FBI. So what relief would you think that you'd be able to get that you haven't achieved already? Your Honor, the State Department doesn't have the subpoena power. And if you look at why we were denied discovery into these issues, the court below said, well, that might be third parties might have that stuff. Well, if that's the case, that is the AG can get third parties. So if you look at why we were denied jurisdictional discovery, you see why the AG has to become involved. But the FBI has subpoena power. And the FBI said that they're going to give whatever they obtain the state. Your Honor, the FBI is a non-entity under the Federal Record Act under 3106. Well, you can't have it both ways. I only want it one way, Your Honor. I want what I'm entitled to under 3106. You say on the one hand the attorney general has the power and they can go out and get these things. But then you say, well, it's irrelevant if the FBI is already getting it. And they say that they've declared that they're going to turn over whatever they get that belongs to state to state. I don't say it's irrelevant, Your Honor. I say that it's inadequate because it isn't what we're statutorily entitled to. And the AG is a different role in the government than the FBI. And the statute is set up a certain way. We can't just say the government, which does a lot of things, when the statute points us to actual entities within this government who have certain roles and certain powers and certain responsibilities. Thank you.  The case is submitted.
judges: Kavanaugh, Wilkins, Williams